IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**UNITED STATES OF AMERICA**

vs.                                                          Cause No. A-13-CR-029 LY

**RUSSELL ALLEN ERXLEBEN**

_____

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or will reasonably assure that the defendant will not attempt to obstruct justice if released.

My reasons for this conclusion are several.

First, the defendant has a long and extensive history of dissembling. The most probative evidence of this is of course the defendant's prior federal fraud conviction, which resulted in a loss to investors of nearly $30 million. The government presented a good deal of additional evidence of false statements and fraudulent activity by the defendant. As a result, it is difficult, if not impossible, for the Court to determine what the true facts are with regard to many of the issues on which the Court must base its decision. This by itself is not a reason to detain the defendant; but what it does do is reduce significantly the amount of weight the Court can give any promise from the defendant regarding what his future actions will be, or regarding whether he will comply with the conditions the Court sets.

Second, there is ample evidence of the defendant's long history of manipulating others for his own means. The defendant has provided the Court with no reason to believe that he will—or even can—control this aspect of his personality moving forward. Coupled with the credible evidence of statements the defendant has made to numerous potential witnesses, statements that appear plainly intended to at least manipulate the witnesses if not outright instill fear in them, the court concludes that there is good reason to believe that if released the defendant will tamper with witnesses. Given the defendant's very strong proclivity to engage in his manipulative behavior, particularly when he is under pressure, and because such tampering can easily happen over the telephone, no condition—not even 24 hour GPS monitoring—can reasonably assure this will not happen if the defendant is released. On the other hand, while the defendant has access to a telephone while detained, he is also well aware that all such calls are recorded, which significantly reduces the risk of such behavior.

Third, the defendant's past behavior suggests that he is highly unlikely to comply with conditions of release. As noted previously, the defendant is generally untrustworthy. More to the point, however, is evidence that immediately upon his release from his prior conviction, the defendant began to engage in the same sort of behavior that led to his original conviction, despite being under Court-imposed supervised release. If the threat of being returned to prison for not following supervision conditions is not enough to change the defendant's behavior, certainly the risk of being arrested and detained prior to trial will not do so. These facts also demonstrate that if released the defendant poses a significant financial risk to others, as he appears more than willing to engage in financial fraud even when under court supervision.

In summary, while the Court does not believe the government demonstrated that, if released, the defendant is likely to physically harm witnesses, or would pose a serious risk of danger to others, the Court concludes by clear and convincing evidence that if released the Defendant does pose a serious risk of witness tampering and of financial danger, and further concludes there are no conditions the court could set that would reasonably assure such behavior would not occur.

**Directions Regarding Detention**

      Accordingly, the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: May 16, 2013

_____
Andrew W. Austin
United States Magistrate Judge